UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN WEST DAVIS,

        Plaintiff,

vs.                              Case No. 2:05-cv-358-FtM-99SPC

FLORIDA DEPARTMENT OF CORRECTIONS;
WARDEN BARRY; ASST. WARDEN LANGFORD;
ASST. WARDEN LOWE; D.K. HENSON;
JAMES V. CROSBY, JR.; MARTHA
VILLACORTA,

        Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court upon review of Defendants' Motion to Dismiss (Doc. #41), filed April 24, 2006. On July 10, 2006, Plaintiff filed a Response (Doc. #45), including attachments, thus the Court construes Plaintiff's Response to be a Motion for Summary Judgment. This matter is now ripe for review.

**I.**

On July 29, 2005, Plaintiff, who is proceeding *pro se*, filed a civil rights Complaint form (Doc. #1) pursuant to 42 U.S.C. § 1983 while incarcerated at Hendry Correctional Institution.[1] In pertinent part, the Complaint alleges that the named Defendants

---

[1]According to the address listed on the docket history, Plaintiff remains incarcerated, but is no longer incarcerated at Hendry Correctional Institution.

violated Plaintiff's Eighth Amendment rights when Plaintiff was forced to lift heavy objects sometime in April 2005 in violation of his medical restricted activity pass.  Plaintiff alleges that the medical pass indicates that Plaintiff is not to lift objects over fifty pounds.

Defendants filed a Motion to Dismiss (Doc. #41) arguing, *inter alia*, that the Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 12 (b)(6) because Plaintiff failed to: (1) exhaust his administrative remedies; (2) properly plead a claim upon which relief may be granted; and (3) properly plead violations of the Eighth Amendment.  Additionally, Defendants assert that they are entitled to qualified and sovereign immunity.

Plaintiff filed a Response (Doc. #45) to Defendants' Motion to Dismiss arguing, *inter alia*, that Plaintiff did fully exhaust his available administrative remedies.  Specifically, Plaintiff states he filed two emergency grievances, one addressed to the warden of Hendry Correctional, which prison officials "refused to process," and the other addressed to the Florida Department of Corrections, which was returned without action.  Doc. #45 at 3.

**II.**

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility ***until such administrative remedies as are available are exhausted***.

42 U.S.C. § 1997e(a)(emphasis added).

The PLRA's exhaustion requirement has three main purposes: (1) to "eliminate unwarranted federal-court interference with the administration of prisons," Woodford v. NGO, 126 S. Ct. 2378, 2382 (2006)(citing Booth v. Churner, 532 U.S. 731, 739 (2001)); (2) "'to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case'," Id.; and (3) to "'reduce the quantity and improve the quality of prisoner suits.'" Id.

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." Woodford, 126 S. Ct. at 2382; Booth v. Churner, 532 U.S. 731, 739 (2001). See also Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). Thus, exhaustion is a pre-condition to suit, id.; and the Court is required to enforce this requirement *sua sponte*. See Salas v. Tillman, 162 Fed. Appx. 918 (11th Cir. 2006) (holding that the district court's *sua sponte* dismissal of Plaintiff's § 1983 claims for Plaintiff's failure to

exhaust was not an abuse of discretion); see also Brown v. Toombs, 139 F.3d 1102 (6th Cir.), cert. denied, 525 U.S. 833 (1998).

"[T]he PLRA exhaustion requirement requires **full** and **proper** exhaustion." Woodford, 126 S. Ct. at 2387 (emphasis added). In Johnson v. Meadows, 418 F.3d 1152 (11th Cir. 2005), the Eleventh Circuit, noting the "policies favoring exhaustion," held that the PLRA contains a procedural default component where an inmate fails to avail himself in a timely fashion of the institution's administrative process. Id. at 1156. Thus, where an inmate's grievance is denied because he fails to timely fully pursue his administrative remedies, that inmate is barred from bringing a federal action on his claim since he cannot demonstrate full exhaustion of his remedies.

Additionally, the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. Woodford, 126 S. Ct. at 2382; Porter v. Nussle, 534 U.S. 516 (2002); Booth, 532 U.S. at 741 (finding that Congress has mandated exhaustion of administrative remedies, regardless of whether the relief sought-- i.e. monetary damages--is available through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness

-4-

of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326); Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir. 2000).

### III.

Upon review of the grievances Plaintiff attached to the Complaint and to the Response in opposition to Defendants' Motion to Dismiss, the Court finds that Plaintiff did not fully and properly exhaust his available administrative remedies.

The Florida Department of Corrections provides a three-step grievance procedure. First, an inmate must normally file either an informal grievance or formal grievance depending on the nature of his complaint. Fla. Admin. Code 33-103.006-.007. If the inmate's issue is not resolved at the institutional level, the inmate must file an appeal to the Office of the Secretary of the Florida Department of Corrections. Id. at 33-103.007. Additionally, an inmate may bypass the filing of an informal and formal grievances and file emergency grievances, grievances of reprisal, and grievances of a sensitive nature directly with the Office of the Secretary. Id. at 33-103.007(6). Pursuant to Fla. Admin. Code 33-103.006 (3)(a)(4), when "an emergency is found to not exist, a response will be provided to the inmate indicating that the

complaint is 'not an emergency' with instructions to resubmit at the proper level."

Here, Plaintiff filed his first "informal grievance" on June 7, 2005. The grievance was addressed to the assistant warden and Plaintiff received a response on June 16, 2005, denying the grievance. Doc. #45, Exh. 1. Thereafter, instead of filing a formal grievance, Plaintiff filed an "Emergency Grievance" to the Secretary of the Department of Corrections, which is undated, but was received by the Secretary of the Department of Corrections on July 13, 2005. Doc. #1 at 7. The Secretary refused to accept the grievance as an "emergency" and returned it without action to Plaintiff. The Secretary directed Plaintiff to resubmit the grievance at the proper level in order to exhaust his administrative remedies. Id. Plaintiff did not resubmit the grievance as directed, but did file other grievances relating to issues that are not raised in the Complaint *sub judice*.

Thus, the Court finds that Plaintiff did not fully and properly exhaust his available administrative remedies because Plaintiff did not properly grieve the denial of his informal grievance or resubmit a grievance as directed by the Secretary of the Department of Corrections. As such, Plaintiff's Complaint will

be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a).[2] Because the Court finds that Plaintiff did not comply with 42 U.S.C. § 1997e(a), the Court need not address the remaining arguments raised in the Defendants' Motion to Dismiss.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendants' Motion to Dismiss (Doc. #41) is **GRANTED** and Plaintiff's Complaint is dismissed without prejudice.

2. The **Clerk of Court** shall withhold entry of final judgment until the Court determines that the Defendants have complied with the January 5, 2007, Order.

**DONE AND ORDERED** in Fort Myers, Florida, on this   16th   day of January, 2007.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record

---

[2]The Eleventh Circuit Court of Appeals has concluded that "a plaintiff must commence a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act." Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999).